## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                       **Case No. 13-20079-JWL**

**Jesus Enrique Moreno,**

        **Defendant.**

### MEMORANDUM & ORDER

In May 2014, defendant Jesus Enrique Moreno pled guilty to possessing with intent to distribute more than 500 grams of methamphetamine.  In February 2015, the judge assigned to the case at the time sentenced defendant to 168 months imprisonment.  He is presently incarcerated at La Tuna FCI and his projected release date is April 30, 2026.  This matter is now before the court on defendant's motion for compassionate release and/or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 73).[1]  As will be explained, the motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2)

---

[1] The government construes defendant's motion as one to reconsider the court's resolution of defendant's December 2020 motion for compassionate release and does not address the merits of the motion in any respect.  The court agrees with defendant that the motion is not one to reconsider but is "renewed" because defendant sets forth additional bases for a sentence reduction.

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps. *Id.*  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The motion, then, is denied and the court declines to address the other prerequisites.[2]

Defendant seeks a sentence reduction based on a combination of health-related factors that he contends together constitute an extraordinary and compelling reason for early release.[3] Defendant asserts that he has numerous medical conditions including psoriasis, ulcerative colitis, early exposure to tuberculosis, the presence of a VP shunt and, since his last motion for

---

[2] The government does not address whether defendant has exhausted his administrative remedies with respect to the new bases asserted for compassionate release.  Any argument about exhaustion, then, has been waived.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[3] Defendant also contends that his exposure to COVID-19 while incarcerated amounts to cruel and unusual punishment in violation of the Eighth Amendment. Courts have routinely recognized that a motion for compassionate release is not an appropriate vehicle for an Eighth Amendment claim. *See, e.g., United States v. Mabry*, 2020 WL 6786901, at *3 (E.D.N.C. Nov. 18, 2020) (citing cases); *United States v. Smith*, 2020 WL 6702173, at *6 n.8 (S.D. Ohio Nov. 13, 2020) (collecting cases); *United States v. Sanchez-Rodriguez*, 2020 WL 5057447, at *3 n.5 (N.D. Tex. Aug. 27, 2020). To the extent defendant seeks to assert a claim that prison officials' deliberate indifference to his medical needs violates his Eighth Amendment rights, he must seek relief in a lawsuit pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Mabry*, 2020 WL 6786901, at *3. To the extent defendant seeks to challenge the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he must file a petition seeking habeas corpus relief under 28 U.S.C. § 2241. *See id.*

compassionate release, symptoms of "long haul" covid resulting from his November 2020 infection.   According to defendant, these symptoms include dizziness, loss of smell and taste, heart palpitations, diminished memory, brain fog, shortness of breath and headaches.   Defendant states that these conditions place him at the highest risk for serious harm or death if he is reinfected with COVID-19.   He further contends that his particular correctional facility exposes him to a disproportionate risk of harm or death from COVID-19 because of the "horrendous" living conditions and poor air filtration systems at Texarkana FCI.

The motion is denied.   To begin, the BOP's inmate locator page indicates that defendant is no longer housed at Texarkana FCI and that he has been transferred to La Tuna FCI since the filing of his reply brief.   Defendant's arguments concerning Texarkana FCI, then, are moot.   With respect to defendant's argument about his health conditions, the medical records submitted by defendant do not support defendant's assertion that he is suffering from long-haul covid.   The records submitted by defendant do not make any reference to loss of smell and taste, heart palpitations, diminished memory, headaches or brain fog. While the records do mention that defendant has reported dizziness, these entries pre-date defendant's covid infection and appear to relate to the presence of the VP shunt.   The only medical entries that reflect changes since defendant's covid infection include a July 2021 prescription for albuterol and a February 2021 CT scan to address defendant's concerns about his VP shunt.   Defendant, however, reported an "unspecified respiratory disorder" and complained about his VP shunt prior to his covid infection. In any event, there is no evidence that those conditions are in any way related to defendant's covid infection or that they are sufficiently severe to warrant compassionate release.   In fact, the records reflect that the BOP is adequately managing defendant's medical conditions.   In summary, the

minimum medical documentation in the record in no way supports the conclusion that defendant is experiencing symptoms of long-haul covid or that defendant's health places him at an increased risk of serious harm or death if he is reinfected with covid.

Finally, it is significant to the court that defendant asserts in his reply that he has refused vaccination against COVID in light of "legitimate questions about vaccine efficacy and about its effect on kidneys." The Seventh Circuit has persuasively rejected a similar argument. In *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), the Circuit found that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release." *Id*. Rather, that prisoner's risk is "self-incurred." *Id*. Writing for the panel, Judge Easterbrook rejected the "prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id*. Judge Easterbrook summarized his holding as follows:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*. While the Tenth Circuit has not yet addressed this specific issue, the court concludes, like the vast majority of courts that have addressed the issue, that Judge Easterbrook's approach is a reasonable one. Because defendant refused a vaccine based only on his purported concerns about efficacy and side effects, he cannot establish an extraordinary and compelling reason for a

sentence reduction based on COVID-19. *See United States v. Clemons*, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) (reiterating that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability "to receive or benefit from a vaccine"); *United States v. Estevez-Ulloa*, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification."); *United States v. Leslie*, 2022 WL 218619, *3 (D. Colo. Jan. 24, 2022) (courts are reluctant to find extraordinary and compelling circumstances relating to COVID-19 when a defendant has refused vaccination) (collecting cases).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release and/or for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 73) is denied.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge